JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vincent M. Gasper

## DEFENDANTS
Schulson Collective, LLC and Michael Schulson

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 9102
(215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 330.101 et seq. ("PMWA"), and Pennsylvania common law
Brief description of cause:
Plaintiff brings this action against Defendants for failure to properly compensate Plaintiff for overtime hours worked.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 06/19/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT M. GASPER<br>Huntingdon Valley, PA<br><br>                    Plaintiff,<br><br>      v.<br><br>SCHULSON COLLECTIVE, LLC<br>1525 Sansom Street, 2nd Fl.<br>Philadelphia, PA 19107<br><br>          and<br><br>MICHAEL SCHULSON<br>1525 Sansom Street, 2nd Fl.<br>Philadelphia, PA 19107<br><br>                    Defendants. | <br><br><br><br><br><br>CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

I. **INTRODUCTION**

Plaintiff, Vincent M. Gasper ("Plaintiff"), brings this action against his former employer Defendant, Schulson Collective, LLC ("Schulson Collective"), and Michael Schulson ("Schulson") (collectively, "Defendants"). Defendants failed to properly compensate Plaintiff for overtime hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 330.101 *et seq.* ("PMWA"), and Pennsylvania common law. Plaintiff seeks all damages allowable under the law.

II. **PARTIES**

    1.    Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.

    2.    At all relevant times, Plaintiff was a "non-exempt employee" within the meaning

of the FLSA and PMWA.

3. Defendant Schulson Collective is a corporation formed under the laws of Pennsylvania with its principal place of business located in Philadelphia, Pennsylvania.

4. At all relevant times, Defendant Schulson Collective was an "employer" and covered entity within the meaning of the FLSA and the PMWA.

5. Defendant Schulson is an individual and a citizen of the Commonwealth of Pennsylvania.

6. At all relevant times, Defendant Schulson was Defendant Schulson Collective's Owner and Chief Executive Officer (CEO).

7. At all relevant times, Defendant Schulson was an "employer" within the meaning of the FLSA and the PMWA, and had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation, and made decisions concerning Defendant Schulson Collective's day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

8. At all relevant times, Defendant Schulson directly or indirectly, directed, aided, abetted, and/or assisted with the creation and/or execution of policies or practices of Defendant Schulson Collective, which resulted in the failure to pay Plaintiff proper overtime compensation.

9. At all relevant times, Defendant Schulson had control over approving the payment of overtime compensation and/or processing payroll relative to Plaintiff.

10. At all relevant times, Defendant Schulson Collective acted by and through Defendant Schulson and its other agents, servants, and employees, each of whom acted at all times relevant in the course and scope of their employment with and for Defendant Schulson Collective.

### III. JURISDICTION AND VENUE

11. The causes of action that form the bases of this matter arise under the FLSA, the PMWA, and Pennsylvania common law unjust enrichment.

12. The District Court has jurisdiction over Counts I and II (FLSA) pursuant to 29 U.S.C. § 210 *et seq.*, U.S.C. § 216, and 28 U.S.C. § 1331.

13. The District Court has supplement jurisdiction over Plaintiff's claims arising under the PMWA (Counts III and IV) and Pennsylvania common law (Count V) pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(l) and (b)(2) in that Defendants reside in this district and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### IV. FACTUAL ALLEGATIONS

15. Plaintiff began working for Defendants on or around July 5, 2016, and his last day of employment was on or around August 9, 2018.

16. During the course of Plaintiff's employment with Defendants, he worked as a Facilities Director reporting directly to Defendant Schulson, Owner and CEO.

17. At all relevant times, while a Facilities Director, Plaintiff did not possess managerial responsibility, such as control over scheduling, hiring or firing authority.

18. At all relevant times, while a Facilities Director, Plaintiff did not customarily and regularly direct the work of two or more other employees of Defendants.

19. Between July 5, 2016 and June of 2017, Defendants misclassified Plaintiff as a non-exempt employee for overtime purposes and paid him an annual salary of $65,000 for all hours worked, including all hours worked in excess of forty hours in a given workweek.

3

20. Between July 5, 2016 and June of 2017, although Plaintiff typically and regularly worked in excess of a forty-hour workweek during the majority of those weeks, Plaintiff was not compensated for any hours worked in excess of the forty hours in a given workweek.

21. Between July of 2017 and his separation from employment, Defendants misclassified Plaintiff as a non-exempt employee for overtime purposes and paid him an annual salary of $72,500 for all hours worked, including all hours worked in excess of forty hours in a given workweek.

22. Between July of 2017 and his separation from employment, although Plaintiff typically and regularly worked in excess of a forty-hour workweek during the majority of those weeks, Plaintiff was not compensated for any hours worked in excess of the forty hours in a given workweek.

23. Throughout his employment with Defendants, Defendants typically and regularly required Plaintiff to work more than forty-hours per workweek at the request and benefit of Defendants without paying him any additional compensation.

24. Throughout his employment with Defendants, Plaintiff was required to perform work on non-work related projects at Defendant Schulson's home for his personal benefit without paying Plaintiff any additional compensation.

25. Despite actual knowledge of the hours worked by Plaintiff, Defendants willfully failed to pay or approve proper overtime compensation and thus, recklessly disregarded the fact that their conduct was unlawful.

26. By misclassifying Plaintiff as a non-exempt employee for overtime purposes, Defendants knowingly misled Plaintiff to believe that he was ineligible for overtime compensation for his hours worked in excess of forty hours in a given workweek.

27. To avoid compensating Plaintiff for his overtime work, Defendants misclassified him as a non-exempt employee and under compensated Plaintiff for all overtime hours worked between July 5, 2016 and the date of his separation.

## COUNT I
### (VIOLATION OF THE FLSA—FAILURE TO PAY OVERTIME WAGES)
### PLAINTIFF v. DEFENDANT SCHULSON COLLECTIVE

28. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

29. Plaintiff was a non-exempt employee of Defendant Schulson Collective who typically and regularly worked more than an ordinary forty-hour workweek schedule.

30. Defendant Schulson Collective willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

31. Defendant Schulson Collective knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the FLSA and thus, Defendant Schulson Collective acted voluntary, deliberately, and with reckless disregard to Plaintiff's rights under the FLSA.

32. Defendant Schulson Collective did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendant Schulson Collective have reasonable grounds to believe that their failure to pay Plaintiff proper overtime complied with the FLSA.

33. As a result of Defendant Schulson Collective's violations of the FLSA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

34. As a further result of Defendant Schulson Collective's violations of the FLSA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, liquidated damages, attorney's fees, court costs, and prejudgment interest.

## COUNT II
### (VIOLATION OF THE FLSA—FAILURE TO PAY OVERTIME WAGES)
### PLAINTIFF v. DEFENDANT SCHULSON

35. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

36. Plaintiff was a non-exempt employee of Defendant Schulson who typically and regularly worked more than an ordinary forty-hour workweek schedule.

37. Defendant Schulson had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation, and made decisions concerning Defendant Schulson Collective's day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

38. Defendant Schulson directly or indirectly, directed, aided, abetted, and/or assisted with the creation and/or execution of policies or practices of Defendant Schulson Collective, which resulted in the failure to pay Plaintiff proper overtime compensation.

39. Defendant Schulson willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

40. Defendant Schulson knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the FLSA and thus, Defendant Schulson acted voluntary, deliberately, and with reckless disregard to Plaintiff's rights under the FLSA.

41. Defendant Schulson did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendant Schulson have reasonable grounds to believe that their failure to pay Plaintiff proper overtime complied with the FLSA.

42. As a result of Defendant Schulson's violations of the FLSA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

43. As a further result of Defendant Schulson's violations of the FLSA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, liquidated damages, attorney's fees, court costs, and prejudgment interest.

### COUNT III
### (VIOLATION OF THE PMWA—FAILURE TO PAY OVERTIME WAGES)
### PLAINTIFF v. DEFENDANT SCHULSON COLLECTIVE

44. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

45. At all relevant times, Plaintiff was a non-exempt employee of Defendant Schulson Collective who typically and regularly more than an ordinary forty-hour workweek schedule.

46. Defendant Schulson Collective willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

47. Defendant Schulson Collective knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the PMWA and thus, Defendant Schulson Collective acted voluntary, deliberately and with reckless disregard to Plaintiffs rights under the PMWA.

48. Defendant Schulson Collective did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendant Schulson Collective have reasonable grounds to believe that their failure to pay Plaintiff proper overtime complied with the PMWA.

49. As a result of Defendant Schulson Collective's violations of the PMWA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

50. As a further result of Defendant Schulson Collective's violations of the PMWA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, attorney's fees, court costs, and prejudgment interest.

## COUNT IV
### (VIOLATION OF THE PMWA—FAILURE TO PAY OVERTIME WAGES)
### PLAINTIFF v. DEFENDANT SCHULSON

51. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

52. At all relevant times, Plaintiff was a non-exempt employee of Defendant Schulson who typically and regularly more than an ordinary forty-hour workweek schedule.

53. Defendant Schulson had oversight and discretion with regards to the payment of Plaintiff's wages, including overtime compensation, and made decisions concerning Defendant Schulson Collective's day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation.

54. Defendant Schulson directly or indirectly, directed, aided, abetted, and/or assisted with the creation and/or execution of policies or practices of Defendant Schulson Collective, which resulted in the failure to pay Plaintiff proper overtime compensation.

55. Defendant Schulson willfully and unlawfully failed to compensate Plaintiff in an amount equal to one and a half times his regular rate of pay for any and all hours that he worked in excess of his regular forty-hour workweek during one or more of those weeks.

56. Defendant Schulson knew that its policies, practices and procedures regarding Plaintiff's uncompensated overtime work violated the PMWA and thus, Defendant Schulson acted voluntary, deliberately and with reckless disregard to Plaintiffs rights under the PMWA.

57. Defendant Schulson did not act in good faith when failing to pay Plaintiff proper overtime compensation, nor did Defendant Schulson have reasonable grounds to believe that their failure to pay Plaintiff proper overtime complied with the PMWA.

58. As a result of Defendant Schulson's violations of the PMWA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

59. As a further result of Defendant Schulson's violations of the PMWA, Plaintiff is entitled to receive the amount of overtime compensation he is due, back pay, front pay, attorney's fees, court costs, and prejudgment interest.

**COUNT IV**
**(UNJUST ENRICHMENT)**
**PLAINTIFF v. DEFENDANT SCHULSON COLLECTIVE**

60. Plaintiff incorporates by reference paragraphs the above paragraphs of this Complaint as if fully set forth in their entirety.

61. Plaintiff conferred a benefit on Defendant Schulson Collective by providing labor and services to Defendant Schulson Collective on a weekly-basis, including, but not limited to, labor and services rendered in excess of Plaintiff's regular forty-hour workweek.

62. Defendant Schulson Collective not only appreciated Plaintiff's benefit, but Defendant Schulson Collective required Plaintiff to work in excess of his regular forty-hour workweek.

63. Thus, it would be inequitable for Defendant Schulson Collective to retain the benefit of Plaintiff's overtime work without paying the value of the benefit, as mandated under the FLSA and PMWA.

64. Under the doctrine of unjust enrichment, Plaintiff is entitled to receive the amount of overtime compensation he is due, and any other equitable remedy that the Court deems necessary and just.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

    (a) declaring the acts and practices complained of herein to be in violation of the FLSA;

    (b) declaring the acts and practices complained of herein to be in violation of the PMWA;

    (c) enjoining and permanently restraining the violations alleged herein;

    (d) entering judgment against Defendants and in favor of the Plaintiff in an amount to be determined;

    (e) entering judgment against Defendants, jointly and severally, to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he

would have received but-for Defendants' illegal action, including, but not limited to, back and front pay, and prejudgment interest;

(f) awarding liquidated damages to Plaintiff under the FLSA;

(g) awarding Plaintiff such other damages as are appropriate under the FLSA, the PMWA, and Pennsylvania common law;

(h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

FERNANDO I. RIVERA, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
rivera@consolelaw.com

*Attorneys for Plaintiff*

Dated: June 19, 2019

11