# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT M. GASPER** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 19-2676** |
| | : | |
| **v.** | : | |
| | : | |
| **SCHULSON COLLECTIVE, LLC,** *et* | : | |
| **al.** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                           OCTOBER 2, 2020

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is the parties' *joint motion for an order approving settlement*, [ECF 20], with respect to claims brought by Plaintiff Vincent M. Gasper ("Plaintiff") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. § 333.101 *et seq.*, and a common law claim of unjust enrichment.   A telephone settlement conference was held on May 20, 2020, before the Honorable United States Magistrate Judge Lynne A. Sitarski, at which counsel for all parties attended and reached a preliminary settlement of all of Plaintiff's claims.   For the reasons stated herein, the motion for approval of the Settlement Agreement is granted.

## BACKGROUND

Plaintiff filed a complaint against Defendants alleging claims of failing to properly compensate Plaintiff for overtime hours worked in violation of state and federal law, including the FLSA and PMWA, as well as a claim for common law unjust enrichment.   [ECF 1].   Specifically, Plaintiff alleges that he was misclassified as an overtime-exempt employee for the duration of his almost 26 months of employment and that, as a result, he was owed overtime wages for that period.   [ECF 1].   Defendant

filed an answer denying that Plaintiff was misclassified and rejecting the resulting claim for overtime wages.  [ECF 2].

After the exchange of written discovery, the parties attended a settlement conference with United States Magistrate Judge Sitarski and reached a settlement agreement.  Thereafter, the parties worked diligently to finalize the settlement agreement, of which they now seek final approval from this Court. The Confidential Settlement and General Release Agreement ("Settlement Agreement") was attached as Exhibit A to the parties' joint motion.  [ECF 20 at 17].  The Settlement Agreement provides $75,000 in full and final settlement of all disputed claims.  In consideration of the payment, Plaintiff fully and irrevocably releases Defendants from any and all waivable claims, with the exception of any claims that Defendants violated their commitments under the Settlement Agreement.  [ECF 20 at 18].

**DISCUSSION**

Although the United States Court of Appeals for the Third Circuit ("Third Circuit") has not addressed whether parties can settle FLSA actions claiming unpaid wages without court approval, district courts within this Circuit have followed the position taken by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982), and have required court approval for proposed settlements in a FLSA lawsuit filed pursuant to 29 U.S.C. § 216(b).[1]  Judicial review of a proposed settlement agreement requires the court to scrutinize the proposed settlement agreement of the parties and determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.  As such, the court may enter a stipulated judgment after carefully analyzing the parties' proposed settlement agreement.  *Rubbo v. PeopleScout Inc.*, 2017 WL 2010311, *1 (E.D. Pa. May 11, 2017); *Kraus v. PA Fit II, LLC.*, 155 F. Supp. 3d 516, 523 (E.D. Pa. 2016).  When analyzing a proposed FLSA settlement,

---

[1] *See also Nwogwugwu v. Spring Meadows at Lansdale, Inc.*, 2017 WL 2215264, *1 (E.D. Pa. May 18, 2017); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464 (E.D. Pa. 2012); *Morales v. PepsiCo, Inc.*, 2012 WL 870752 (D.N.J. Mar. 14, 2012); *Bettger v. Crossmark, Inc.*, 2015 WL 279754 (M.D. Pa. Jan. 22, 2015).

the district court must first determine whether the settlement resolves a bona fide dispute and is not a mere waiver of statutory rights brought about by an employer's overreaching. *McGee v. Ann's Choice, Inc.*, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). The court must also determine whether the settlement is fair and reasonable to the employee, and whether the settlement furthers or impermissibly frustrates the implementation of the FLSA in the workplace. *Rubbo*, 2017 WL 2010311 at *2*; see also Kraus*, 155 F. Supp. 3d at 523. Here, having reviewed the parties' proposed Settlement Agreement, and for the reasons that follow, this Court is satisfied that it is both a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and further does not impermissibly frustrate implementation of the FLSA in the workplace.

### A.  Resolution of a Bona Fide Dispute

As noted, as a threshold issue this Court must determine whether the parties' have a "bona fide" dispute. A bona fide dispute involves "factual issues rather than legal issues." *Kraus*, 155 F. Supp. 3d at 530 (quoting *Creed v. Benco Dental Supply Co.*, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013)). A proposed settlement agreement resolves a bona fide dispute if it reflects a "reasonable compromise over issues, such as back wages, that are actually in dispute and are not a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quoting *Lynn's Food*, 679 F.2d at 1355). Essentially, if "the dispute falls within the contours of the FLSA" and evidence exists of the defendant's "intent to reject or actual rejection of that claim when it is presented," a bona fide dispute exists. *Id.*

Here, Plaintiff claims Defendants failed to pay him overtime during the course of his almost 26-month employment, a claim "falling within the contours" of the FLSA. In rejecting Plaintiff's claim, Defendants dispute Plaintiff's account of hours worked which would merit overtime pay, and further allege that Plaintiff was overtime-exempt. In discovery, neither party was able to produce evidence to accurately calculate Plaintiff's total hours worked and/or the amount in wages he was allegedly owed. Further, Defendants produced evidence in contradiction to some of Plaintiff's records of hours worked.

Because of the parties' dispute as to Plaintiff's hours worked and Plaintiff's classification, and the lack of conclusive discovery from either party, Plaintiff's back wages are "actually in dispute." This Court is satisfied that a bona fide dispute exists as to both Defendants' liability and Plaintiff's damages under the FLSA and that the proposed Settlement Agreement resolves a bona fide dispute between the parties.

### B. Fairness and Reasonableness of the Settlement to the Employee

While the instant case does not involve a class action settlement, the factors set forth by the Third Circuit in *Girsh v. Jepson,* 521 F.2d 153 (3d Cir. 1975), ("*Girsh* factors"), are instructive in determining the fairness of a FLSA settlement. *See Howard v. Philadelphia Housing Auth.*, 197 F. Supp. 3d 773, 777 n.1 (E.D. Pa. 2016). However, because the instant case is not a class action, some factors may not apply. *Id*. The *Girsh* factors are:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the risks of establishing liability;
> (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendant to withstand a greater judgment;
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and
> (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*In re Ins. Brokerage Antitrust Litig.*, 579 F.3d at 258 (citing *Girsh*, 521 F.2d at 157). No single *Girsh* factor is dispositive. *Hall v. Best Buy Co.*, 274 F.R.D. 154, 169 (E.D. Pa. 2011). Further, a "court may approve a settlement even if it does not find that each of [the *Girsh*] factors weighs in favor of approval." *In re N.J. Tax Sales Certificate Antitrust Litig.*, 750 F. App'x 73, 77 (3d Cir. 2018).

This Court finds that factors 1, 3-5, and 7-9 are relevant to this single-plaintiff action and that each weigh in favor of approval of the proposed Settlement Agreement.

*1. The complexity, expense, and likely duration of the litigation*

Had this settlement not been reached, the parties would have incurred substantial costs associated with "conducting extensive discovery, including supplemental written discovery and depositions, dispositive motions, and a trial," [ECF 20 at 7], and ultimately proceeded to trial to determine the merits of Plaintiff's claims and Defendants' liability and damages, if any.  As noted by the parties, litigation is likely to undergo further delays "during a global pandemic where it remains unclear when federal civil jury trials will resume."  [ECF 20 at 7].  Absent a settlement, Plaintiff would have had to depose "numerous defendants and third-parties to further establish liability and damages," and Defendants would have needed to "produce supplemental discovery, prepare and defend their witnesses for depositions and trial, and take the deposition of the Plaintiff." [ECF 20 at 7].  Given the need for further discovery, the expense of trial, and possible appeal by either party, weighed against the avoidance of the unnecessary expenditure of time and resources, the first *Girsh* factor weighs in favor of approval of the Settlement Agreement.  *See In re Gen. Motors*, 55 F.3d 768, 812 (3d Cir. 1995) (concluding that lengthy discovery and potential opposition by the defendant weigh in favor of approving settlement).

*3.  The stage of the proceedings and the amount of discovery completed*

The third *Girsh* factor "captures the degree of case development that class counsel [had] accomplished prior to settlement.  Through this lens, courts can determine whether counsel had an adequate appreciation of the merits of the case before negotiating."  *In re Cendant*, 264 F.3d 201, 235 (3d Cir. 2001).  When evaluating this third *Girsh* factor, courts must evaluate the procedural stage of the case at the time of the proposed settlement to assess whether counsel adequately appreciated the merits of the case while negotiating.  *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004).  Settlements reached following discovery "are more likely to reflect the true value of the claim."  *Boone v. City of Phila.*, 668 F. Supp. 2d 693, 712 (E.D. Pa. 2009) (citing *Bell Atl. Corp.*, 2 F.3d 1304, 1314 (3d Cir. 1993)).

Plaintiff and Defendants have "exchanged extensive written discovery, including ESI and requests for admissions, and worked through various discovery disputes." [ECF 20 at 8]. The strengths and weaknesses in the record that arose in discovery enabled both parties to evaluate the merits and risks of their respective cases, which they discussed at the Settlement Conference. Consequently, this factor weighs in favor of approval.

### 4. The risks of establishing liability

This factor "requires a balancing of the likelihood of success if 'the case were taken to trial against the benefits of immediate settlement.'" *Wallace v. Powell*, 288 F.R.D. 347, 369 (M.D. Pa. 2012) (quoting *In re Prudential Insurance Co.* [*Prudential II*], 148 F.3d 283, 319 (3d Cir. 1998)). Courts should "examine what potential rewards (or downside) of litigation might have been had class counsel decided to litigate the claims rather than settle them." *In re Cendant*, 264 F.3d at 237 (quoting *GM Trucks*, 55 F.3d at 814). Further, courts "should avoid conducting a mini-trial and must 'to a certain extent, give credence to the estimation of the probability of success proffered by. . . counsel, who are experienced with the underlying case, and the possible defenses which may be raised to their causes of actions.'" *Parks v. Portnoff Law Assocs.*, 243 F. Supp. 2d 244, 251 (E.D. Pa. Jan. 22, 2003) (quoting *Lachance v. Harrington*, 965 F. Supp. 630, 638 (E.D. Pa. 1997)). The existence of any obstacles to a plaintiff's success at trial weighs in favor of approval. *See In re Warfarin*, 391 F.3d at 537; *Prudential II*, 148 F.3d at 319.

If this case were to proceed to trial, Plaintiff would have to produce complete and accurate records of hours worked and his claims for overtime pay. Plaintiff faces serious challenge where such records are lacking, and where Defendant intends to produce records to dispute any limited accounting Plaintiff has. This lack of conclusive discovery, and Defendant's challenges to Plaintiff's credibility and evidence, lead to clear risks in taking this case to trial. Because the existence of "any obstacles" to

Plaintiff's success at trial weighs in favor of approval of settlement, this factor favors approval of the Settlement Agreement.

### 5. *The risks of establishing damages*

This factor "attempts to measure the expected value of litigating the action rather than settling it at the current time." *In re Cendant*, 264 F.3d at 238-39. Courts compare the potential damage award if the case were taken to trial to the benefits of an immediate settlement. *Prudential II*, 148 F.3d at 319. The proposed settlement will allow Plaintiff to obtain prompt financial relief. For Plaintiff to be entitled to liquidated damages under the FLSA, he would "have to show that Defendants failed to act in good faith in violating Plaintiff's rights under the FLSA and refute Defendants' claim that it acted on the advice of legal counsel in classifying Plaintiff as an overtime-exempt employee." [ECF 20 at 9]. Plaintiff's counsel recognizes the risk of having to make such a showing at trial. Were this case to proceed, it is possible that Plaintiff may fail to establish any damages, may establish damages in an amount less than the amount he will recover by way of the settlement, or may establish liability only to have the judgment appealed. The parties' dispute as to Plaintiff's actual hours worked similarly presents a challenge for trial, compared to the certainty of damages paid under the Settlement Agreement. Thus, this factor also favors approval.

### 7. *The ability of Defendants to withstand a greater judgment*

This factor considers "whether the defendant[] could withstand a judgment for an amount significantly greater than the settlement." *In re Cendant*, 264 F.3d at 240. Here, Defendants have represented that they may not be able to withstand a greater judgment because they lack an insurance policy which would cover any potential award, and because Covid-19 has severely impacted their business in the restaurant industry. [ECF 20 at 9]. In light of these circumstances, this factor favors approval.

*8-9.  The range of reasonableness of settlement in light of best
possible recovery and all attendant risks of litigation*

The last two *Girsh* factors are often considered together and are used to evaluate whether the settlement agreement represents either a good value for a weak case, or a poor value for a strong case. *In re Warfarin*, 391 F.3d at 538.  To assess the reasonableness of a settlement in cases seeking monetary relief, "the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement." *Prudential II*, 148 F.3d at 322.

Plaintiff's FLSA claim, if successful, would entitle him to back wages, liquidated damages if Defendant's conduct was not in good faith, and attorneys' fees and costs.  29 U.S.C. § 216(b).  Plaintiff's alleged overtime wages totaled around $80,000, and the proposed settlement amount of $75,000.00 represents nearly all of the claimed amount.  While Plaintiff could potentially receive a higher award if successful at trial, that potential must be balanced with the risks of litigation previously mentioned. Thus, these final *Girsh* factors weigh in favor of approving the Settlement Agreement.

In sum, in light of the presumption of fairness that attaches to the settlement, *see In re Warfarin*, 391 F.3d at 539, and upon consideration of each of the *Girsh* factors mentioned, this Court finds that the parties' proposed Settlement Agreement is fair and reasonable.

### C.  The Proposed Settlement Agreement Does Not Impermissibly Frustrate Implementation of the FLSA

This Court also finds that the proposed Settlement Agreement does not impermissibly frustrate implementation of the FLSA in the workplace.  In reaching this conclusion, this Court has examined the release of claims contained in the proposed Settlement Agreement.  The release of claims is limited to claims that were raised or could have been raised against these Defendants, and wage-and-hour-related claims arising before the date of the proposed Settlement Agreement.  Such a narrowly-tailored release does not frustrate implementation of the FLSA.  *See Bettger v. Crossmark, Inc.*, 2015 WL 279754, at *8

(M.D. Pa. Jan. 22, 2015) (collecting cases approving FLSA settlements where release limited to "claims related to the specific litigation"); *Kutz v. Cargill Cocoa & Chocolate, Inc.*, 2019 WL 5457776, at *8 (M.D. Pa. Oct. 23, 2019) (approving an agreement "limited to the release and discharge of claims asserted in the lawsuit or claims that could have been asserted in the lawsuit"). Similarly, the release in this case is sufficiently limited in scope so as to not impermissibly frustrate implementation of the FLSA.

The proposed Settlement Agreement is also sufficiently limited in scope because it does not contain a confidentiality provision. *See, e.g., McGee v. Ann's Choice, Inc.*, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014); *Chickie & Pete's, Wage & Hour Litig.*, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7 2014). The proposed Settlement Agreement and all of the filings in this case are also publicly available. Accordingly, this Court finds that the Settlement Agreement, including release and confidentiality provisions, do not frustrate implementation of the FLSA.

### D.  Request for Attorneys' Fees and Expenses

As compensation for their legal services and efforts, Plaintiff's counsel requests that this Court approve the portion of the proposed Settlement Agreement that provides for reimbursement of attorneys' fees and costs in the amount of $34,000. This amount represents a fee in the amount of 40% of the settlement amount—a contingency fee contemplated and agreed to by Plaintiff and counsel at the outset of their representation. In further support of the request, Plaintiff's counsel relies upon the Affidavit of Fernando I. Rivera, Esquire ("Rivera Affidavit"), attached to the motion, to establish the reasonableness of the fee. [ECF 20 at 24].

Section 16(b) of the FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts within this Circuit have predominantly used the percentage-of-recovery method, in which a fixed portion of the settlement fund is awarded to counsel, in order to determine a reasonable attorney's fee in wage and hour cases. *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 533

(E.D. Pa. Jan. 11, 2016). The factors which the court considers under the percentage-of-recovery method to evaluate the appropriateness of an attorneys' fee aware are:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Id.* (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). These factors need not be applied in a formulaic way, and one factor may outweigh the others. *Id.*

The application of the relevant factors listed above weighs in favor of approving the requested amount of attorney's fees. This settlement, unlike the class action settlements contemplated by the above factors, benefits a single plaintiff who has agreed to its terms. Plaintiff's counsel has extensive experience in similar complex hour and wage litigation. The proposed Settlement Agreement provides for attorneys' fees and costs in the amount of $34,000, which represents an agreed-upon 40% contingency fee. This percentage fee falls within the range of attorneys' fees awarded in similar cases. *See, e.g., Schwartz*, 2017 1386251, at *5. Accordingly, this Court finds that these factors weigh in favor of approval.

### *1. Lodestar Cross-Check*

In percentage-of-recovery cases, such as this one, the lodestar method is sometimes used to "cross-check the reasonableness of a percentage-of-recovery fee award." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011). Under the lodestar method, a court begins the process of determining the reasonable fee by calculating the "lodestar;" *i.e.*, the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983); *see also McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009). Once the lodestar is determined, the court must then determine whether additional adjustments are appropriate. *McKenna*, 582 F.3d at 455.

A reasonable hourly rate in the lodestar calculation is "[g]enerally . . . calculated according to the prevailing market rates in the relevant community," taking into account "the experience and skill of the . . . attorney and compar[ing] their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).   The prevailing market rate is usually deemed reasonable. *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).

As revealed in the Rivera Affidavit, the hourly rates for Plaintiff's counsel are well within the range of what is reasonable and appropriate in this market.   That is, the hourly charged rates for the attorneys are the same as the regular, current rates charged for their services in standard non-class matters, including contingent and non-contingent matters.   Plaintiff's attorney has substantial experience in FLSA cases, and his hourly rates are also within the range charged by other attorneys with comparable experience levels for litigation of a similar nature. *See, e.g., Barel v. Bank of Am.*, 255 F.R.D. 393, 403-04 (E.D. Pa. 2009).

"In calculating the second part of the lodestar determination, the time reasonably expended," a district court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist.*, 152 F.3d 228, 232 (3d Cir. 1998).   As noted in *Hensley*, lawyers are required to use judgment when billing their clients so as not to bill clients for "excessive, redundant, or otherwise unnecessary" hours. *Id.* at 434. Likewise, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (citations omitted).   Ultimately, district courts have "substantial discretion in determining what constitutes . . . reasonable hours." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

The Rivera Affidavit includes a summary of the hours worked by counsel in this litigation.  This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by the law firm.  Plaintiff's counsel reports 112.4 hours for work done at an hourly rate of $320.00.  After reviewing the Rivera Affidavit and supporting documentation, it appears that Plaintiff's counsel is not requesting compensation for any time that was "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Having found the hourly rates and hours expended reasonable, the lodestar for Plaintiff's counsel is $35,968 for 112.4 hours of attorney work.  Counsel's request for $34,000 as a percentage of recovery represents an amount less than the lodestar.  Such an amount is consistent with other attorneys' fees awards which amounted to various multiples above the lodestar amount.  *See, e.g., Mabry v. Hildebrandt*, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of recovery award in FLSA common fund cases ranges from roughly 20-45%."); *In re Prudential*, 148 F.3d at 341; *see also Keller v. TD Bank, N.A.*, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014) (approving multiplier of "slightly above 3" in FLSA collective action).  Therefore, the lodestar cross-check supports approval of the requested attorneys' fees.  Having considered the relevant factors and the lodestar cross-check, this Court approves the request for attorneys' fees, which the Court finds to be reasonable.

**CONCLUSION**

For the reasons stated herein, this Court finds the terms if the proposed Settlement Agreement to be fair and reasonable and consistent with implementation of the FLSA, and therefore approves the Settlement Agreement.  This Court further finds that the request for attorney's fees is reasonable and awards Plaintiff's counsel attorney's fees in the amount of $34,000.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*